OPINION OF THE COURT
Irving A. Green, J.
Motion by petitioner for leave to commence a CPLR article *189 78 proceeding to review a denial of parole; and motion to dismiss the petition on the ground the court lacks jurisdiction are disposed of as follows:
The papers submitted in support of the petition show that on or about April 4, 1990 petitioner filed and perfected an administrative appeal to the Parole Board from an adverse determination upon a hearing which denied petitioner release on parole.
On or about September 14, 1990 the Parole Board wrote to petitioner that in response to a letter by petitioner wherein petitioner sought leave to exercise his right to judicial review of the underlying decision since the Parole Board had not acted on his appeal, the Parole Board responded that: "based upon your request, we are discontinuing our interest in your administrative appeal. Your appeal file has therefore been closed. Should you seek judicial review of the underlying Board’s determination, the Division will not raise, as one of its defenses, the doctrine of exhaustion of administrative remedies.”
Based upon its letter of September 14, 1990, the Parole Board now moves to dismiss the petition which seeks leave to bring an article 78 proceeding to review the determination denying parole. Respondent bases its motion to dismiss essentially on the ground that petitioner is barred by the applicable four-month Statute of Limitations from commencing such article 78 proceeding. Respondent asserts that the four-month limitations period commenced to run from the issuance of the September 14, 1990 letter.
Part 8006 of 9 NYCRR prescribes the rules for appeals from adverse parole determinations as authorized by Executive Law § 259-i (4). Said Executive Law states the rules of the Board may specify a time within which any appeal shall be taken and resolved.
The regulations at 9 NYCRR part 8006 prescribe the manner of taking an appeal and the questions or issues that may be raised. The regulation at 9 NYCRR 8006.4 further states, inter alla, that appeals shall be considered by at least three members (of the Parole Board) and shall be decided by a majority vote of the three members. The members deciding the appeal may vote to affirm, reverse or modify the decision appealed from. Upon reversal the reasons for reversal shall be stated.
There is not submitted to this court any authority either by *190 written rule or regulation for the procedure adopted by respondent that it may simply cease to continue to be "interested” in the appeal. This court does not construe the expressed loss of interest in the appeal to be compliance with the relevant applicable regulations imposing upon the appeal Board (of Parole) the obligation to make a decision upon the appeal from which an aggrieved appellant may seek judicial review. This court views as contrary to public policy the avoidance by the Board of Parole of their regulatory obligation to hear and determine the appeals of parole applicants from adverse decisions of the hearing Board. Nor does the court find the time limitation for judicial review of the determination of the Parole Board upon appeal to begin to run until its decision upon the appeal has been filed and served. No such decision has been made in this case. There is no regulatory or statutory authority for the State Board of Parole to decline hearing and determining the appeal of an aggrieved prison inmate; nor to issue an opinion of a "discontinuance of interest” in an administrative appeal hearing pursuant to the applicable regulations. (9 NYCRR part 8006.)
Furthermore, in connection with the administrative appeal counsel was assigned to represent petitioner in October 1990. On November 6, 1990, within four months of the September 14, 1990 letter, counsel advised respondent of his appointment by serving a notice of appearance. It appears a demand upon respondent for documents relevant to the appeal was made by counsel although the wording of the demand or what specific documents, if any, were demanded is not shown. However, it was not until letter dated March 18, 1991 that respondent advised petitioner’s attorney of the September 1990 letter by which time more than four months had elapsed.
Accordingly, under all of the foregoing circumstances, the motion to dismiss the petition is denied. The petition is granted to the extent that the matter is remanded to respondent which shall take appropriate action upon the administrative appeal and with all deliberate speed shall render its determination upon such appeal.